NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEPHANIE ELLIS,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 25-3688

D.C. No.
3:24-cv-05212-SKV

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Sarah Kate Vaughan, Magistrate Judge, Presiding

Submitted August 7, 2026**
Seattle, Washington

Before: N.R. SMITH and CHRISTEN, Circuit Judges, and LIBURDI, District
Judge.***

Stephanie Ellis appeals the district court's order affirming an administrative

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael T. Liburdi, United States District Judge for
the District of Arizona, sitting by designation.

law judge's ("ALJ") denial of Social Security benefits.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

Substantial evidence supports the ALJ's residual functional capacity and step-five findings.  *See Stiffler v. O'Malley*, 102 F.4th 1102, 1106 (9th Cir. 2024) (setting forth the standard of review).  The ALJ gave clear and convincing reasons for its findings.  *Smartt v. Kijakazi*, 53 F.4th 489, 501 (9th Cir. 2022).  "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince."  *Id*. at 499.  An ALJ is permitted to assess "whether the claimant engages in daily activities inconsistent with the alleged symptoms," *id*. (citation omitted), and consider inconsistent testimony about marijuana usage, *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).  "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."  *Smartt*, 53 F.4th at 498 (emphasis in original).  Finally, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."  *Thomas*, 278 F.3d at 957; *see also Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022) (explaining the considerations when evaluating medical opinions).

Ellis forfeited the issues she failed to raise below.  *See Club One Casino, Inc. v. Bernhardt*, 959 F.3d 1142, 1153 (9th Cir. 2020).  Assuming *arguendo* that a

forfeiture exception applies for Ellis's law-of-the-case argument, we exercise our discretion to decline to reach the issue. *See, e.g., Sheet Metal Workers Int'l Ass'n, Loc. No. 162 v. Jason Mfg., Inc.*, 900 F.2d 1392, 1399 n.9 (9th Cir. 1990).

**AFFIRMED.**